UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

WENDY GALIN,

    Plaintiff,
vs.

SANITAS DENTAL OF SOUTH
FLORIDA, PA, a Florida corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, WENDY GALIN (hereinafter referred to as "Galin"), by and through her undersigned counsel, sues the Defendant, SANITAS DENTAL OF SOUTH FLORIDA, PA, a Florida corporation (hereinafter referred to as "Sanitas"), and for her cause of action, declares and avers as follows:

### I. PRELIMINARY STATEMENT

1.    This action seeks declaratory, injunctive and equitable relief, equitable damages, liquidated damages, compensatory damages, punitive damages, costs and attorney's fees for (1) Sanitas' discharge of and/or discrimination against Galin with respect to her compensation, terms, conditions, or privileges of employment, because of Galin's age, race, national origin and/or ethnicity.

2.    This action arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. (hereinafter referred to as "ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended by the Civil Rights Act of 1991, 42 U.S.C. §

1981a (hereinafter referred to as "Title VII"), and the Reconstruction Era Civil Rights Act of 1866, 42 U.S.C. § 1981 (hereinafter referred to as "Section 1981").

## II. JURISDICTION

3. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(4), 29 U.S.C. § 626(c)(1), 42 U.S.C. §2000e-5(f). All administrative requirements have been exhausted and a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") on or about May 14, 2019, based upon a charge of discrimination timely and dually-filed with the EEOC and Florida Commission on Human Relations ("FCHR") on or about February 15, 2019.

4. Plaintiff reserves the right to move the Court for leave to amend this Complaint to add claims arising under the Florida Civil Rights Act of 1992 ("FCRA"), in the event the FCHR determines there is reasonable cause to believe that a discriminatory practice has occurred in violation of the FCRA or in the event the FCHR fails to conciliate or determine whether there is reasonable cause on Plaintiff's charge of discrimination within 180 days of the filing of the Plaintiff's charge of discrimination, pursuant to § 760.11(4) and/or (8), Fla. Stat.

## III. VENUE

5. This action properly lies in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) because the claim arose in this judicial district.

## IV. FACTS

6. Galin is a citizen and resident of Broward County, Florida, over the age of eighteen (18), within the jurisdiction of the Court and otherwise *sui juris*.

7. Sanitas is a Florida corporation, authorized to do and doing business in the State of Florida.

8. At all times material hereto, Sanitas was a covered employer, and Galin a covered employee, within the meaning of the ADEA and Title VII.

9. Galin is American (non-Hispanic) and sixty-eight (68) years of age. As such, Galin is a member of protected classes under the ADEA, Title VII and Section 1981 as same relates to her age and race/ancestry.

10. At all times material hereto, Sanitas employed Galin as a front desk office staff employee in the Cooper City, Florida location of Sanitas. Previously, Galin had been employed by Michael Ancona, DDS at this same location since October 1997 until Dr. Ancona sold the practice to Dr. Luis Breton in 2012. Galin remained employed with Dr. Breton until he sold the practice to Sanitas in the 2017-18 time frame. Galin remained employed by Sanitas after Sanitas bought the dental practice, working as she always had as a part-time (30 hours/week) front desk office staff person.

11. Since the time of the purchase of the dental practice from Dr. Breton, Sanitas has replaced the existing employees with almost exclusively Hispanic/Latin employees. Indeed, the CEO, CFO, HR Manager and Legal Manager all are of Hispanic/Latin descent.

12. At all times material hereto, Galin was qualified for her part-time front desk office staff position with Sanitas and performed her job competently. Indeed, even after Sanitas terminated her employment, Dr. Breton, who remained with Sanitas after the sale of the dental practice, provided Galin with a glowingly positive written recommendation letter of reference.

13. On or about January 22, 2019, however, and completely out of the blue, Sanitas' CFO, an Hispanic/Latin (Colombian) female in her late 40s, informed Galin that Sanitas was terminating her employment. The CEO, an Hispanic/Latin (Colombian) female in her mid 40s, and

the HR Manager, an Hispanic/Latin female in her early 50s, also were present at the termination meeting. The reason given had nothing to do with Galin's job performance or work ethic, but rather that the office allegedly was not doing well financially, such that the decision had been made to eliminate Galin's position (which paid Galin approximately $540.00/week with no benefits whatsoever). Galin was permitted to remain on with Sanitas and work until February 14, 2019.

14. On or about that same morning of January 22, 2019, Sanitas replaced Galin with a new front desk person (Deanna), an approximately forty-eight (48) year old Hispanic/Latin (Colombian) female. Between January 22, 2019 and February 14, 2019, Galin was able to observe the job Sanitas hired Deanna to perform, which essentially was Galin's job. In fact, Galin assisted in Deanna's "training" (presumably why Sanitas allowed Galin to remain working for a few weeks after her termination).

15. Initially, Sanitas did not provide Galin with any severance pay whatsoever. However, when Galin questioned her termination, Sanitas subsequently presented her with a written severance agreement, through which she was offered two (2) weeks' severance pay in exchange for her execution of a general release and waiver of all claims, including claims arising under the ADEA, Older Workers' Benefit Protection Act ("OWBPA") and Title VII.

16. At all times material hereto, up to and including the present time, Galin had – and has – no plans to retire at this time. In fact, Galin's intention was to continue working for Sanitas until at least seventy-five (75) years of age.

17. At the time of her termination, Sanitas was paying Galin $18.00/hour with no benefits.

18. As a result of her termination, Galin has suffered, and will continue to suffer a tremendous economic loss. And, even with appropriate mitigation, which interim earnings certainly will reduce her economic damages, Galin's current employment pays her $2.00/hour less than Sanitas, which will result in lost compensation to Galin of over $20,000.00, assuming she works until age seventy-five (75).

19. Galin also has suffered, and will continue to suffer, emotional pain and suffering and other related damages as a result of Sanitas' unlawful termination of her employment.

## COUNT I - AGE DISCRIMINATION - ADEA

20. Galin realleges as if fully incorporated herein paragraphs 1 through 19.

21. Sanitas violated the ADEA, with reckless disregard of that act's proscriptions.

22. Galin has suffered direct pecuniary losses as a result of Sanitas's above-described violation of the ADEA.

23. Galin will continue to suffer future pecuniary losses as a direct result of Sanitas' discriminatory acts and conduct.

24. Galin has no plain, adequate or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from his treatment by Sanitas unless Sanitas is enjoined by this Court.

WHEREFORE, Plaintiff, Wendy Galin, prays that this Court:

A. Declare Sanitas' conduct to be in violation of the ADEA;

B. Enjoin Sanitas from engaging in such conduct;

C. Award the equitable remedy of front pay;

D. Award liquidated damages to Galin;

E.      Award Galin costs and attorney's fees; and

F.      Grant such other and further relief as may be deemed just and proper in the premises.

### COUNT II - RACE/NATIONAL ORIGIN DISCRIMINATION - TITLE VII

25.     Galin realleges as if fully incorporated herein paragraphs 1 through 19.

26.     As a white American, at all times material hereto, Galin was a member of a protected class.

27.     Through its above-described acts and conduct toward Galin, Sanitas has violated Galin's rights under Title VII.

28.     Sanitas engaged in discriminatory acts and conduct against Galin with malice and/or reckless indifference to Galin's rights under Title VII.

29.     Galin has suffered direct pecuniary losses as a result of Sanitas' above-described violations of Title VII.

30.     Galin has suffered, is now suffering, and will continue to suffer emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Sanitas' discriminatory acts and conduct.

31.     Galin will suffer future pecuniary losses as a direct result of Sanitas' discriminatory acts and conduct.

32.     Galin has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Sanitas unless Sanitas is enjoined by this Court.

**WHEREFORE**, Plaintiff, Wendy Galin, prays that this Honorable Court:

A.      Declare Sanitas' conduct to be in violation of Galin's civil rights;

  B.  Enjoin Sanitas from further engaging in such conduct;

  C.  Award Galin equitable damages in the form of back pay;

  D.  Award Galin front pay;

  E.  Award Galin compensatory and punitive damages;

  F.  Award Galin costs and reasonable attorney's fees; and

  G.  Grant such other and further relief as may be deemed just and proper in the premises.

### COUNT III - RACE/ANCESTRY DISCRIMINATION - SECTION 1981

33. Galin realleges as if fully incorporated herein paragraphs 1 through 19.

34. At all times material hereto, as a white, non-Hispanic American, Galin was protected from discriminatory treatment by Section 1981.

35. Through its above-described acts and conduct toward Galin, Sanitas has violated Galin's rights under Section 1981.

36. Sanitas engaged in discriminatory acts and conduct against Galin with malice and/or reckless indifference to Galin's rights under Section 1981.

37. Galin has suffered direct pecuniary losses as a result of Sanitas' above-described violations of Section 1981.

38. Galin has suffered, is now suffering, and will continue to suffer emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Sanitas' discriminatory acts and conduct.

39. Galin will suffer future pecuniary losses as a direct result of Sanitas' discriminatory acts and conduct.

40. Galin has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Sanitas unless Sanitas is enjoined by this Court.

**WHEREFORE**, Plaintiff, Wendy Galin, prays that this Honorable Court:

A. Declare Sanitas' conduct to be in violation of Galin's civil rights;

B. Enjoin Sanitas from further engaging in such conduct;

C. Award Galin equitable damages in the form of back pay;

D. Award Galin front pay in lieu of reinstatement;

E. Award Galin compensatory and punitive damages;

F. Award Galin costs and reasonable attorney's fees; and

G. Grant such other and further relief as may be deemed just and proper in the premises.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: June 14, 2019
      Boca Raton, FL

Respectfully submitted,

*/s Daniel R. Levine*
DANIEL R. LEVINE, ESQUIRE
Fla. Bar No. 0057861
E-Mail: DRL@PBL-Law.com
Padula Bennardo Levine, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL 33431
Telephone: (561) 544-8900
Facsimile: (561) 544-8999
Counsel for Plaintiff

8